

U.S. District Court
Wisconsin Eastern

4-21-26

FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

              Case No. 26-CR- 80

  v.

              [18 U.S.C. § 371]

JACOB DOWD,

        Defendant.

---

## INFORMATION

---

### COUNT ONE
### *Conspiracy*

**THE UNITED STATES CHARGES THAT:**

### BACKGROUND ALLEGATIONS

1.     At times relevant to this information:

    a.  Defendant JACOB DOWD was a resident of California and Hawaii.

    b.  J.B. was a resident of Wisconsin.

    c.  D.D. was a resident of California.

    d.  J.W. was a resident of Wisconsin.

    e.  United Forces Enterprises (UFE) was a Federal Firearms Licensee operated by Jacob Dowd and D.D. and located in Vacaville, California.

1

f. The United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was a law enforcement agency and part of the United States Department of Justice.

g. ATF's responsibilities included the investigation and prevention of federal offenses involving the unlawful use, manufacture, and possession of firearms, ammunition, and explosives. ATF also regulates, via licensing, the importation, sale, possession, and transportation of firearms, ammunition, and explosives in interstate commerce.

h. "ATF Form 6 - Application and Permit for Importation of Firearms, Ammunition and Implements of War (ATF Form 5330.3A)" (ATF Form 6) was used by importers to apply to ATF to permanently import into the United States firearms, ammunition, and implements of war.

i. ATF Form 6 required applicants to list, among other things, the "purpose of importation." Certain types of ammunition may only be imported for particular purposes, such as military and American law enforcement use.

**THE UNITED STATES FURTHER CHARGES THAT:**

2.      The allegations set forth above in paragraph one are hereby realleged and incorporated in support of the following charge:

### THE CONSPIRACY AND ITS OBJECTS

3.      In or about June 2021, in the State and Eastern District of Wisconsin and elsewhere,

### JACOB DOWD

knowingly and willfully conspired with others, known and unknown, to commit an offense against the United States, namely:

   a.  to cause the submission of materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, in violation of Title 18, United States Code, Sections 2(a) and 1001(a)(2).

### MANNER AND MEANS OF THE CONSPIRACY

4.      It was a part of the conspiracy that Jacob Dowd and D.D. sought approval from ATF for UFE to import approximately 489,000 rounds of 7.62x54mm Armor-Piercing Incendiary (API) ammunition from Smart Energeo Sistemi in Pale, Bosnia and Herzegovina. Jacob Dowd and D.D. knew it was illegal to import this ammunition into the United States unless certain exceptions applied, and they knew that no such legitimate exceptions applied to this ammunition.

5. It was further part of the conspiracy that Jacob Dowd and D.D. sought the cooperation of a police chief who would falsely indicate that this API ammunition was being purchased by (and so imported for) his police department. Jacob Dowd and D.D. were aware that the above-described ammunition could be lawfully imported for use by a law enforcement agency.

6. It was further part of the conspiracy that Jacob Dowd and D.D. used a middleman, J.W., to recruit and introduce them to J.B., who was the Town of Linn (Wisconsin) Police Chief.

7. It was further part of the conspiracy that Jacob Dowd, D.D., J.W., and J.B. ultimately agreed that if J.B. signed a fake ammunition purchase order to be submitted to ATF on behalf of UFE, then Jacob Dowd and D.D. would provide the Town of Linn Police Department with funds to purchase squad cars and other supplies, which would advance J.B.'S career. Jacob Dowd and D.D. also agreed to pay J.W. for his role in the transaction.

8. It was further part of the conspiracy that J.B.'S misrepresentation that the Town of Linn Police Department was purchasing the ammunition was essential to UFE being able to import the ammunition, all of which was known to J.B., J.W., Jacob Dowd, and D.D.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

9.     To further the conspiracy and to affect the objects thereof, J.B. and other persons, both known and unknown, performed and caused the performance of the following overt acts, among others not described herein, in the Eastern District of Wisconsin and elsewhere:

    a.  In or about June 2021, J.W. created a fake purchase order for 1.5 million rounds of 7.62x54mm API ammunition on fabricated Town of Linn Police Department letterhead.

    b.  In or about June 2021, J.B. signed the fake purchase order and delivered it to J.W. to be forwarded to Jacob Dowd and D.D.

    c.  On or about June 21, 2021, Jacob Dowd digitally signed and submitted an ATF Form 6 to ATF on behalf of UFE and attached the fake purchase order in support of the ATF Form 6.

All in violation of Title 18, United States Code, Section 371.

**<u>COUNT TWO</u>**
*Filing a False Tax Return*

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

On or about May 5, 2021, in the State and Eastern District of California,

**DARIN W. DOWD**

then a resident of the Eastern District of California, did willfully and knowingly make and subscribe a U.S. Income Tax Return for the calendar year 2020, which was filed with the Internal Revenue Service and verified by the defendant in a written declaration that it was made under penalties of perjury, which income tax return he did not believe to be true and correct as to every material matter, in that it reported $124,946 in taxable income, whereas, the defendant knew the actual taxable income was $1,609,485.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE NOTICE

Upon conviction of the charge set forth in this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense of conviction.

If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Date: 4/21/26

CHRISTOPHER LADWIG
Assistant United States Attorney

7